Argued and submitted December 10, 1991, reversed and remanded for new trial
May 22, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# AARON REID,
*Appellant.*

## (C88-12-38016; CA A62274)

811 P2d 1380

Elliott Holden, Portland, argued the cause and filed the brief for appellant.

Janet Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his convictions for delivery of a controlled substance and conspiracy to deliver a controlled substance. ORS 475.992. He assigns as error the trial court's denial of his motion to suppress evidence obtained as a result of his warrantless arrest and the overruling of his objection to hearsay testimony.

The facts are undisputed. The arresting officer and his partner received a complaint that drugs were being sold in Washington Park in Portland. They went to the park almost every evening for a two-week period and arrested at least a dozen people for selling marijuana. The night before they arrested defendant, they arrested a person who told them that he had bought marijuana from a black male who was about 25 years of age and wore a distinctive hat. The next night, the officers parked an unmarked car in a parking lot in the park and saw defendant, who matched that description, talking with another person, whom they later identified as Crane. Crane walked away from defendant. A car pulled into the parking lot. Defendant approached it and talked with the driver. Defendant motioned toward Crane, who met him toward the front of the car. Crane handed defendant something that the officers could not identify. Defendant approached the driver again, handed the driver something and received something from the driver. The car drove off. Defendant walked away with Crane.

The officers walked toward defendant and Crane. As they got close, defendant and Crane separated, one going to each side of the street. The arresting officer asked defendant if he could buy some marijuana. Defendant refused to sell. The officer then arrested defendant, searched him and found $822 in cash. Defendant moved to suppress evidence obtained as a result of the arrest. The trial court denied that motion.

■    Defendant argues that the trial court erred in denying his motion to suppress, because the officers lacked probable cause to arrest him. ORS 131.005(11) defines "probable cause" as "a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." The significance of particular facts may be evaluated on the basis of an officer's

training and experience. *See State v. Cole/Hood,* 87 Or App 93, 741 P2d 525, *rev den* 304 Or 280 (1987).

■ When the officer arrested defendant, he knew that defendant was in an area where drugs were commonly sold; a person had given a description that matched defendant of a person who had sold marijuana to him; defendant approached a car, talked to the driver, motioned to Crane, received something from Crane, handed something to the driver, received something from the driver and walked away with Crane; and when the officers approached defendant and Crane, they separated. The arresting officer testified that the manner in which defendant and Crane approached the car and the officers was consistent with drug transactions in which one person carries the money and one person carries the drugs. We agree with the trial court that the objective facts, evaluated in the light of the officers' training and experience, constituted probable cause to arrest defendant. *See State v. Cole/Hood, supra; State v. Green,* 67 Or App 70, 676 P2d 938, *rev den* 297 Or 82 (1984).

■ At trial, the state sought to have the arresting officer testify that several people in a pickup drove up to defendant after the officer had arrested him and while the officers were waiting for a patrol car to pick him up. The driver asked defendant if he could buy some marijuana from him. Defendant responded negatively. The driver replied that defendant knew him and that he had "done business with [defendant] before." Defendant objected on hearsay grounds. The trial court decided that the driver's initial statement, asking to buy marijuana, was admissible in the state's case-in-chief, but initially excluded the driver's statement that he had previously done business with defendant.

Defendant testified that he was in the park to buy marijuana. On cross-examination, the state asked:

"Q: You weren't selling drugs in Washington Park?

"A: On which day?

"Q: Well, on November 17th, 1988?

"A: No, I was not dealing drugs in Washington Park.

"Q: On that day?

"A: On that day or any other given day."

The state then sought to have the arresting officer repeat on rebuttal the previously excluded statement of the pickup driver that he had "done business with [defendant] before." Defendant renewed his hearsay objection. The trial court ruled that the testimony was "admissible on the issue of [defendant's] credibility," because defendant had testified on cross-examination that he had never sold drugs in Washington Park. The officer testified:

> "When the person in the pickup had directed the question to the defendant about wanting to purchase a gram of [marijuana] and the defendant was shaking his head no and trying to sign them off, the person said, 'You know me, I have done business with you before.'"

Defendant argues that the driver's quoted statement is hearsay and should not have been admitted. *See* OEC 801(3).[1] The state argues, and the trial court found, that that testimony was not offered to prove the truth of the matter asserted, but to impeach by contradiction the defendant's testimony that he had never sold drugs in Washington Park.

The state's and the court's reasoning is incorrect. The officer's testimony impeached defendant only because the pickup driver's statements, if true, contradicted defendant's testimony that he had never sold drugs. The impeachment value of that testimony depended on the truth of the out-of-court declarant's statements and, thus, on the credibility of the declarant. The pickup driver's statements were hearsay and were not admissible. OEC 801(3); *see State v. Lyon,* 83 Or App 592, 598, 733 P2d 41, *aff'd* 304 Or 221, 744 P2d 231 (1987); McCormick, *Evidence* 584, § 246 (2d ed 1972). The trial court's admission of the testimony was prejudicial error. *See State v. Johnson,* 277 Or 45, 49, 559 P2d 496 (1977).

■ Finally, the judgment states that the count of delivery of a controlled substance and the count of conspiracy to deliver a controlled substance were "merged for purposes of sentencing." The state concedes that the convictions should

---

[1] OEC 801(3) provides:

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted.*" (Emphasis supplied.)

have been merged. Because the issue may arise on remand, we note that the state is correct. *See* ORS 161.485(3).

Reversed and remanded for a new trial.