Argued and submitted January 29, reversed and remanded June 10, petition for review denied September 29, 1998 (327 Or 554)

# STATE OF OREGON,
*Appellant,*

*v.*

# NICOLAV ANTHONY MORGADO, JR.,
*Respondent.*

(96-1211-CR-CR; CA A95566)

962 P2d 698

Pilar C. French, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Deits, Chief Judge,* and Haselton, Judge.

DE MUNIZ, P. J.

---

* Deits, C. J., *vice* Rossman, S. J.

**DE MUNIZ, P. J.**

Defendant was arrested for possession of a controlled substance. ORS 475.992(4)(b). Before trial, defendant moved to suppress evidence seized in a warrantless search of his vehicle. The trial court granted defendant's motion, and the state appeals. We reverse.

Defendant was stopped for failing to have a front license plate. ORS 803.540(1)(b). Officer Pulliam approached defendant's vehicle and asked for his driver license and vehicle registration. Defendant was unable to produce either. Pulliam then asked defendant to step out of the vehicle and arrested him for failing to display a driver license. ORS 807.570(1)(b)(A). During a patdown, Pulliam noticed white powder in and around defendant's nose. Pulliam also noted that defendant was nervous, was talking rapidly, was unable to stand still and had bloodshot eyes. Based on his past experience, Pulliam concluded that defendant was under the influence of narcotics and that the white powder was either methamphetamine or cocaine. Pulliam did not swab the powder at the scene, intending to do so on arrival at the jail. However, the power had been wiped from defendant's nose by the time they reached the jail.

Following the patdown, Pulliam began a search of the cab of the pickup truck. Pulliam observed a white metal vial and a shallow plastic box sitting on the seat. The plastic box had a decal of an "eight ball" on the lid. From prior experience, Pulliam knew that the "eight ball" usually signified narcotics usage. Pulliam opened the box and found a small clear plastic baggie containing a white powder. The vial also contained a similar powder. Pulliam conducted a field test on the substances, confirming that they were methamphetamine. He then advised defendant that he was under arrest for possession of a controlled substance.

The trial court granted defendant's motion to suppress the methamphetamine found in the box and vial on the ground that Pulliam lacked probable cause to arrest defendant. The state assigns error to that ruling. Defendant concedes that the search of the box and vial would be reasonable if Pulliam had probable cause to arrest him.

We are bound by a lower court's findings if there is constitutionally sufficient evidence in the record to support the findings. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). However, we assess anew the determination of probable cause, which is a question of law. *State v. Herbert*, 302 Or 237, 241, 729 P2d 547 (1986); *State v. Kemp/Haworth*, 112 Or App 522, 529, 831 P2d 37, *rev den* 313 Or 627 (1992).

In *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986), the Supreme Court held that probable cause has a subjective and objective component: "An officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances." Here, the trial court found that Pulliam subjectively believed that defendant had committed a crime and, therefore, was subject to arrest. Defendant does not challenge that ruling on appeal. Accordingly, the narrow issue before us is whether Pulliam's belief was objectively reasonable under the circumstances.

Defendant argues that Pulliam had no objective basis to believe he was in possession of a controlled substance because there was no evidence that the white powder about his nose was a narcotic and because his rapid speech, bloodshot eyes, and fidgety behavior was simply a manifestation of nervousness associated with being arrested. The state contends that Pulliam's belief was objectively reasonable when considered in light of his experience and the physical characteristics defendant exhibited at the scene. We agree with the state.

Acts that may not raise the suspicions of a lay person may, nevertheless, be culpable when viewed from the perspective of an experienced police officer. *State v. Blount*, 143 Or App 582, 587, 924 P2d 860, *rev den* 324 Or 488 (1996). Likewise, the significance of particular facts to the determination of probable cause may be evaluated on the basis of an officer's training and experience. *State v. Reid*, 107 Or App 352, 354-55, 811 P2d 1380 (1991). Here, there are few innocent and plausible reasons to explain the white powder around defendant's nostrils. That fact, coupled with defendant's bloodshot eyes, rapid speech, nervousness and inability to stand still created an objective basis for Pulliam's belief

that defendant was then in possession of a controlled substance. The trial court erred in ruling otherwise.

Reversed and remanded.