Argued and submitted July 29, reversed and remanded December 9, 1998, petition for review denied March 23, 1999 (328 Or 365)

## STATE OF OREGON,
*Appellant,*

*v.*

## MARY ANN MILLER,
*Respondent.*

(97-726-C-2; CA A98282)

972 P2d 896

Holly A. Vance, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Eric A. Johansen, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant was charged with possession, delivery and manufacture of a controlled substance. ORS 475.992. Before trial, defendant moved to suppress evidence obtained from a search of her personal items incident to her warrantless arrest. Defendant claimed that the arresting officer lacked probable cause for her arrest. The trial court granted that motion, and the state appeals. ORS 138.060(3). We reverse and remand.

The facts are undisputed and are taken from the trial court's written findings of fact. Around midnight on February 18, 1997, Officer Elias stopped a Jeep, in which defendant was a passenger, because the driver failed to signal a turn. Elias observed that the driver appeared to be under the influence of amphetamines and asked the driver to perform some field sobriety tests, which he failed. Elias subsequently arrested the driver for driving under the influence of a controlled substance.

Around the same time, Officer Rose arrived and contacted defendant. Rose concluded, based on his training and experience, that defendant was also under the influence of a controlled substance. Shortly after speaking to Rose, defendant asked him if she could drive away in the Jeep. Rose said the Jeep would be searched incident to the driver's arrest. Defendant then asked if she could get out of the car. Rose agreed, and, as defendant got out, she grabbed her purse and a pool cue case that was in the back seat. Rose then noticed on the back seat, and in plain view, a mirror with a line of white powder on it. Based on his training and experience, Rose concluded that the white powder was a controlled substance. Rose then arrested defendant for possession of a controlled substance. Subsequently, he searched defendant's personal items and found additional methamphetamine. Before trial, defendant moved to suppress the physical evidence based on an alleged lack of probable cause for her arrest. The trial court granted defendant's motion.

The state assigns error to the trial court's pretrial order of suppression, arguing specifically that

"[t]he officer's discovery of a mirror containing a line of white powder inside [the] Jeep in which defendant was a

passenger—combined with defendant's appearance of being under the influence of amphetamines and the presence of her belongings near where the mirror was seen—gave the officer probable cause to arrest [defendant] for possession of a controlled substance."

Because there is evidence to support them, we accept the trial court's findings of fact. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Our sole task is to determine if, under the circumstances here, there is probable cause for defendant's arrest, which is a question of law. *State v. Herbert*, 302 Or 237, 241, 729 P2d 547 (1986); *State v. Morgado*, 154 Or App 296, 299, 962 P2d 698, *rev den* 327 Or 554 (1998).

■■ A warrantless arrest must be based on probable cause, ORS 133.310(1), which is established if an officer subjectively believes that a crime has been committed and if that belief is objectively reasonable under the circumstances. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986); *Morgado*, 154 Or App at 299. The degree of certainty required to establish probable cause to arrest is whether it is *"more likely than not* [that] an offense has been committed and [that] a person to be arrested has committed it." ORS 131.005(11) (emphasis added).

■■ Here, the offense in question is possession of a controlled substance. ORS 475.992. Although there is no evidence of defendant's actual possession before her arrest, a person may also constructively possess illegal drugs in violation of that statute. *State v. Saude*, 95 Or App 428, 431, 769 P2d 784 (1989). To establish probable cause of constructive possession, the circumstances must show that, more likely than not, defendant "knowingly exercised control or the right to control" the methamphetamine. *Id.* Further, an inference of constructive possession is reasonable only if some facts link defendant's presence in the Jeep where the drugs were observed to defendant's right to control those drugs. *State v. Myers*, 55 Or App 370, 373, 637 P2d 1360 (1981).

■■ A finding of subjective probable cause does not require specific testimony from the arresting officer but rather, can be inferred from the totality of the circumstances. *State v. Bickford*, 157 Or App 386, 390-91, 970 P2d 234 (1998). Under the circumstances here, we conclude that Rose subjectively believed that defendant constructively possessed

a controlled substance. We conclude so because Rose believed that defendant was under the influence of a controlled substance, observed a mirror with a line of white powder on it, which was consistent with the type of substance he believed defendant had ingested and which was located close to some of defendant's personal items, and then chose to arrest defendant for possession of *that* controlled substance.[1] *See id.* (subjective probable cause may be inferred from the defendant's conduct, and the officer's knowledge, training, experience and "choices and manner of investigation"). Thus, the issue before us reduces to whether that belief was objectively reasonable under the circumstances.

In making that determination, we may evaluate the significance of particular facts on the basis of an officer's training and experience. *Morgado*, 154 Or App at 296. Here, two officers determined that defendant and her companion were under the influence of a controlled substance. Furthermore, Rose saw a mirror with a line of white powder on it—which he believed to be a controlled substance—in the back seat of the Jeep in which defendant was a passenger and close to some of defendant's belongings. Thus, it is reasonable to infer from those circumstances that defendant, more likely than not, knew the methamphetamine was on the mirror and had the right to control it. *See State v. Kemp*, 112 Or App 522, 529, 831 P2d 37, *rev den* 313 Or 627 (1992) (where police officers, when searching a car for officer safety, find a mirror with white powder on it, sufficient probable cause exists to arrest the passenger for possession). Because Rose's subjective belief that defendant was in constructive possession of a controlled substance was objectively reasonable, Rose had sufficient probable cause to arrest defendant. The trial court erred in concluding otherwise.[2]

Reversed and remanded.

---

[1] At the hearing on defendant's motion to suppress, Rose testified that: "I was arresting her for the possession of the controlled substances on the mirror in the back, * * *."

[2] We note for purposes of clarity that only the contraband seized from defendant's personal items was reasonably subject to suppression because the methamphetamine found on the mirror was observed in plain view and, thus, seized legally. Therefore, in addition to the general error discussed above, the trial court also incorrectly granted defendant's motion "in its entirety." Rather, it should have, at the very least, limited its ruling to the contraband discovered in the search of defendant's personal items.