Submitted on record and briefs November 20, 1998, reversed and remanded
September 15, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## BRUCE WILLIAM GUYNN,
*Appellant.*

(9607-35003; CA A97005)

986 P2d 1190

Diane L. Alessi, Interim Public Defender, and Walter J. Ledesma, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, filed the brief for respondent.

Before Laudau, Presiding Judge, and Wollheim, Judge, and Warden, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals from his judgment of conviction for being a felon in possession of a firearm, ORS 166.270, unlawful possession of a short-barreled shotgun, ORS 111.272, and possession of a controlled substance, ORS 475.992. He assigns error to the pretrial denial of his motion to suppress evidence, contending that the evidence was available only because of an illegal search that took place while police inventoried the contents of his pickup truck. The state, however, does not rely on the law relating to inventories in its response, nor does it contest defendant's privacy rights in the items searched. Instead, the state argues that what occurred was a lawful search incident to defendant's arrest based on the arresting officer's probable cause to believe that the zippered duffel bag in defendant's vehicle contained a firearm. We reverse and remand.

The facts are undisputed. In July 1995, defendant was stopped early one morning after police officers Watts and Habkirk witnessed him commit two traffic infractions on a Portland city street. When asked for his driver's license, defendant replied that he didn't have one because it had been "felony revoked."[1] Defendant was also unable to produce proof of insurance. At that point, the officers determined that defendant should be taken into custody and the pickup he was driving impounded.

After defendant was arrested, the officers began inventorying items in defendant's vehicle to prepare it for towing and impoundment. According to Portland municipal ordinance 14.10.030(C)(3), closed containers[2] found within a vehicle or in any vehicle compartment during an inventory search are not to be opened. Nevertheless, during the search, Watts unzipped a black duffel bag lying in the open bed of

---

[1] Driving with a suspended or revoked license can be either an infraction under ORS 811.175 or a Class C felony under ORS 811.182, depending on a number of different circumstances. In defendant's case, he received his criminal conviction for driving with a suspended or revoked license because he had achieved habitual offender status under the Oregon Vehicle Code in 1992. His license had been in a continuous state of felony revocation since that time.

[2] The ordinance defines a "closed container" as one whose contents are not exposed to view.

defendant's pickup. In it, he discovered a loaded, illegally shortened shotgun wrapped in blue sweat pants, as well as a hip pack containing a small set of scales and plastic bindles with methamphetamine residue in them.

Watts testified at trial that he had developed probable cause to believe the duffel bag contained a weapon because it was heavy when he picked it up and seemed to contain a single large item that did not fold or bend when he put the bag down. Watts also said that he had not attempted to discern the contents of the duffel bag by feeling the outline of the object it contained. On cross-examination, Watts conceded that it could have held a large tool.

Defendant's motion to suppress the duffel bag and its contents was denied because the trial court concluded that no privacy interest could inure in a closed container located in the open bed of a pickup truck. Defendant was subsequently convicted of being a felon in possession of a firearm, ORS 166.270, unlawful possession of a short-barreled shotgun, ORS 166.272, and possession of a controlled substance, ORS 475.992.[3] This appeal followed.

On review, we are bound by the trial court's findings of historical fact if they are supported by constitutionally sufficient evidence. *State v. Ehly*, 317 Or 66, 74-75, 854 P2d 421 (1993). We review whether the trial court applied the proper legal principles to those facts for errors of law. *Id.*

Defendant argues that, in the context of inventories, he possessed a protectable privacy interest in the duffel bag, regardless of where it was located in his truck. We agree. As we noted in *State v. Kruchek*, 156 Or App 617, 969 P2d 386 (1998), *rev allowed* 328 Or 594 (1999), inventories like the one that took place in defendant's case are neither searches nor seizures but are limited administrative acts designed to protect a person's property while it is in police custody. *Id.* at 620. For that reason, the fact that an authorized police inventory involves a closed container does not mean that the container has been lawfully seized. *Id.* at 621. Therefore, if an officer develops probable cause during an inventory to believe

---

[3] Defendant does not challenge his conviction for driving while suspended and revoked and in violation of a permit. ORS 811.182.

that a closed container holds evidence of a crime, the officer cannot seize the container without first obtaining a warrant, or establishing that an exception to the warrant requirement permits warrantless seizure. *Id*. Inasmuch as the trial court found otherwise in this case, it erred.

That, however, is not the sole issue before us. On appeal, the state does not contest defendant's privacy interest in the duffel bag, nor does it attempt to recharacterize inventories as something they are not. Instead, the state raises a new theory, contending that the factual record surrounding its alternative ground for affirmance was fully developed at trial and would permit us to resolve the issue, even though it was raised here for the first time. *See State v. Jacobsen*, 142 Or App 341, 922 P2d 677 (1996). The state now argues that the search here was a search incident to arrest based on the officers' knowledge that defendant had previously been convicted of a felony, combined with their probable cause to believe that the duffel bag contained a firearm.[4] Assuming, without deciding, that the state is correct in its assertion that the factual record is sufficiently developed in this case, we nevertheless disagree with the state's argument in chief for the following reasons.

■■ In the course of a post-arrest inventory, if an officer develops probable cause to believe that an arrestee has committed crimes other than the one for which he or she has been arrested, the officer may then conduct a search incident to the arrest for those other crimes. *State v. Lane*, 135 Or App 233, 239, 898 P2d 1358, *rev den* 322 Or 360 (1995). Probable cause to instigate the search requires two distinct components. The first requires the officer to believe subjectively that other crimes were, in fact, committed, based on the officer's knowledge of the facts, as well as the officer's training and experience. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). The second requires that belief to be objectively reasonable under the circumstances. *Id*. Again assuming, without deciding, that Watts subjectively believed that the duffel bag contained a firearm based on the bag's weight and

---

[4] Under ORS 166.270(1), any person convicted of a felony who has in his or her custody or control a firearm, commits the crime of felon in possession of a firearm.

inflexibility of the item within it, we conclude that, under the circumstances, that belief was not objectively reasonable.

 The fact that a container is heavy or its contents unbending, considered alone, does not provide probable cause to believe that a container conceals the fruits or evidence of a crime. It is true that, in some circumstances acts appearing benign in the eyes of a lay person may, nevertheless, be culpable when viewed from the perspective of an experienced police officer. *State v. Morgado*, 154 Or App 296, 299, 962 P2d 698 (1998), *rev den* 327 Or 554 (1998). Further, in determining probable cause, the significance of particular facts may be evaluated on the basis of an officer's training and experience. *Id*. However, when we held that the police in *Morgado* had an objective basis to believe, before arrest, that the defendant was then in possession of methamphetamine, we also noted, "there are few innocent and plausible reasons to explain the white powder around defendant's nostrils[,] * * * defendant's bloodshot eyes, rapid speech, nervousness and inability to stand still * * *." *Id*. In contrast here, a multitude of innocent explanations could have accounted for the duffel bag's contents before the police unzipped it.

The state relies on *State v. Anfield*, 313 Or 554, 836 P2d 1337 (1992), in arguing that the officer's observations provide objective probable cause. In *Anfield*, the defendant was initially arrested for illegally carrying several concealed handguns in a black bag. The Supreme Court held that police had probable cause to search the bag based on its type, obvious weight, and the sound its contents made when the defendant dropped it. *Id*. at 561. In *Anfield*, however, the container in question was recognized by the arresting officer as a specific type of gun bag sold in local sporting goods stores that he had seen before at the shooting range he frequented. That critical contextual clue is missing from the case before us now. While it is objectively logical to conclude that closed gun bags when obviously full, probably contain guns, the same cannot be said of the nondescript black duffel bag that the police searched in this instance. Without more, the duffel could objectively be seen only as a bag carrying a heavy and rigid object one the arresting officer himself conceded could have been a large tool. Assuming that the officer possessed the subjective belief required as part of probable cause, we

conclude that his belief was not objectively reasonable under the circumstances. Accordingly, the trial court erred in denying defendant's motion to suppress.

Reversed and remanded.