Submitted on record and briefs July 7, reversed and remanded in part; otherwise affirmed September 27, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## ROGER LEE COCKRELL,
*Appellant.*

(CV98-0024; CA A102944)

10 P3d 960

Robert G. Klahn filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and David J. Amesbury, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

■ Defendant appeals from his conviction for escape in the second degree. ORS 162.155. He argues that his conduct of failing to report to a local sentencing authority and to drug and alcohol treatment as directed did not constitute "escape from a correctional facility," as that term is used in ORS 162.155(1)(c). He acknowledges that his conduct did constitute the crime of unauthorized departure, as defined in ORS 162.175, of which he was also convicted. Thus, he seeks only reversal of his conviction for escape in the second degree. The state concedes that defendant's conviction for escape in the second degree was in error. We accept the state's concession of legal error. *See generally State v. Manley*, 326 Or 204, 951 P2d 686 (1997) (discussing difference between escape and unauthorized departure).

■ The parties have suggested that we should simply reverse defendant's conviction for second-degree escape. We note, however, that, in the judgment, the trial court merged defendant's conviction for unauthorized departure with his conviction for second-degree escape.[1] Our reversal of the second-degree escape conviction and affirmance of the unauthorized departure conviction has the effect of "unmerging" those crimes. *See generally State v. Wilson*, 161 Or App 314, 318-19, 985 P2d 840 (1999), *rev den* 330 Or 71 (2000) (discussing sentencing on previously merged convictions). The trial court is therefore free to enter judgment on the unauthorized departure conviction and to proceed to sentence defendant on that conviction.

Conviction for second-degree escape reversed; otherwise affirmed; remanded for further proceedings.

---

[1] It would appear from the sentencing transcript that the court may have intended to merge the convictions for purposes of sentencing only.