Argued and submitted April 28, reversed and remanded June 14, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# ABEL BARRAZA,
*Appellant.*

02092155; A124993

136 P3d 1126

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne,

Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

ROSENBLUM, J.

---

* Rosenblum, J., *vice* Richardson, S. J.

**ROSENBLUM, J.**

Defendant appeals a judgment of conviction for manufacture of a controlled substance, ORS 475.992(1). He assigns error to the trial court's denial of his motion to suppress evidence of three marijuana plants found in his residence by a police officer. On review for errors of law, *State v. Will*, 131 Or App 498, 500, 885 P2d 715 (1994), we conclude that the evidence was discovered during a warrantless search conducted without probable cause, and we reverse and remand.

The facts are not in dispute. Deputy Duncan responded to a complaint about noise and "possibly teenagers partying" at defendant's house. As she approached the front of the house, she heard people talking and saw them through the kitchen window. She saw three people through the window, two of whom, Hernandez and Wescott, appeared to be minors; the third, Calhoun, appeared to be "around 21." Hernandez had an open can of beer sitting next to him. Duncan saw no other alcohol or people from outside the house. She knocked on the door. A fourth person, Velasco, who appeared to be over 21, came to the door. He told her that another person lived there but was not at home. While Duncan talked to Velasco about the noise complaint, Hernandez came to the door. Duncan remained outside. Hernandez told her that he was 18 and that he had been consuming alcohol at the residence.

Based on her observations, Duncan believed that Velasco or Calhoun had committed the crime of furnishing alcohol to a minor. *See* ORS 471.410(2). She asked Velasco for consent to search the house for other minors. Velasco, although he was not a resident, allowed her to do so. When Duncan entered, she did not see anyone other than Velasco, Hernandez, Calhoun, and Wescott; nor did she hear anyone else. She confirmed that Velasco and Calhoun were, in fact, adults and that Wescott was a minor.

The two minors told Duncan that they had brought their own beer and that they had not obtained it from Calhoun or Velasco. Duncan walked through the rest of the residence, but she did not find anyone else. At that point, she

concluded that she did not have probable cause to believe that Calhoun or Velasco had furnished alcohol to any minors. She decided, however, to cite the minors for the violation of possessing alcohol and was leaving to retrieve her citation book when she saw, in plain view in the entryway, three marijuana plants. Defendant was subsequently indicted for manufacture of a controlled substance.

Before trial, defendant filed a motion to suppress the evidence found in his residence, arguing that Duncan's entry into the house constituted an unlawful warrantless search. At a hearing on the motion, the state conceded that Duncan's search was not valid based on the permission given by Velasco because he did not have authority to consent to a search. The state argued that the search was nonetheless lawful because, before she entered the house, Duncan had probable cause to believe that a crime had been committed and that exigent circumstances required that she enter the house immediately rather than wait to get a warrant.

The state called Duncan to testify about the events at defendant's house. She testified that her specific reason for entering the house was to look for minors who might tell her that Velasco or Calhoun had given them alcohol. Duncan also stated that she had responded to calls concerning minors partying and consuming alcohol 20 or 30 times. She stated that, in her experience, "some of the minors that are at these parties tend to run or hide if they've been consuming alcohol, and often the evidence, or the beer or alcohol itself, is hidden or disposed of." She also stated that she believed that "entry at that moment was important to avoid a situation that [she had] had in the past with people running away or destroying evidence[.]" On cross-examination, Duncan stated that, when she was outside the house talking to Velasco and Hernandez, she did not hear any voices or other sounds coming from the back rooms indicating that other people were there.

The trial court concluded that Duncan's search was valid based on probable cause and exigent circumstances. The court therefore denied defendant's motion to suppress. Defendant entered a conditional plea of no contest, reserving

the right to appeal the court's ruling on the motion to suppress. *See* ORS 135.335(3). The court thereafter entered a judgment of conviction, and this appeal followed.

■ In his sole assignment of error, defendant renews the argument that Duncan's search of his home without a warrant was unlawful. He argues that Duncan's belief that someone present had furnished alcohol to Hernandez and Wescott was not objectively reasonable. He also contends that the situation did not involve exigent circumstances justifying immediate entry without a warrant.

With respect to probable cause, the state responds that Hernandez's admission that he was a minor and had been drinking provided objectively reasonable probable cause to believe that the crime of furnishing alcohol to a minor was being committed.[1] With respect to exigent circumstances, the state argues that Duncan specifically sought to determine whether there were any more minors hiding in the house—in other words, that she sought to locate any witnesses who might provide information on furnishing alcohol to minors. According to the state, Duncan's prior experiences with minors hiding or running away show that it was objectively reasonable for her to believe that she could not take the time to obtain a search warrant.

■■ A warrantless search is *per se* unreasonable unless the police act within one of the established exceptions to the warrant requirement. *State v. Rodriguez-Ganegar*, 186 Or App 530, 538, 63 P3d 1225, *rev den*, 335 Or 578 (2003). We have upheld warrantless searches where the facts showed the existence of probable cause and exigent circumstances. *See, e.g., id.* at 540. "Under Article I, section 9, of the Oregon Constitution, probable cause exists only if the arresting officer subjectively believes that it is more likely than not that an offense has been committed and that belief is objectively reasonable." *State v. Williams*, 178 Or App 52, 60, 35 P3d

---

[1] The state also argues that Duncan did not know that the adults who were present at the house did not live there and thus had probable cause to believe that they had allowed a minor to consume alcohol on property under their control in violation of ORS 471.410(3). However, violation of that statute is a civil violation, not a crime, *see* ORS 471.410(7), and therefore cannot furnish the basis for probable cause to conduct a warrantless search.

1088 (2001). Exigent circumstances exist if the situation requires "the police to act swiftly to prevent danger to life or serious damage to property, or to forestall a suspect's escape or the destruction of evidence." *State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991).

We need not address whether exigent circumstances were present in this case, because we agree with defendant that Duncan's belief that a crime had been committed was not objectively reasonable. Duncan's initial conclusion that Hernandez had been given the beer by someone in the house amounts to mere speculation. There were at least two explanations for how Hernandez came to be in possession of alcohol: (1) someone at defendant's house gave it to him and (2) he obtained it somewhere else. Although the presence of an innocent explanation does not necessarily dispel probable cause, the incriminating explanation must be the more likely one when all of the facts are considered. *Compare State v. McBride*, 96 Or App 268, 276-77, 773 P2d 379, *rev den*, 308 Or 184 (1989) (although high power consumption and boarded up windows at the defendant's home could have had an innocent explanation, the fact that marijuana had twice been smelled outside the home supported probable cause to believe that marijuana was growing inside), *with State v. Guynn*, 162 Or App 594, 599, 986 P2d 1190 (1999) (fact that duffel bag contained an item whose weight and inflexibility were consistent with a firearm did not support probable cause in light of a "multitude of innocent explanations" that could have accounted for the bag's contents), *and State v. Milks/Sales*, 127 Or App 397, 400, 403, 872 P2d 988 (1994) (mere fact that current apartment tenant used, on average, 1007 more kilowatts of power per month than previous tenant, without more, did not establish probable cause to believe that current tenant was growing marijuana). In this case, nothing about the circumstances indicated that the incriminating explanation was more likely to be true.

It follows that Duncan did not have probable cause to believe that the crime of furnishing alcohol to a minor had been committed in the house. Thus, her warrantless intrusion into the house was not lawful. The trial court erred in concluding otherwise.

Reversed and remanded.