Submitted November 10; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed December 29, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEMAN LOUIS BLEDSOE,
*Defendant-Appellant.*

Umatilla County Circuit Court
18CR54385; A172308

502 P3d 1194

Christopher R. Brauer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted after a jury trial for first-degree manslaughter (Count 1), second-degree manslaughter (Count 2), failure to perform duties of a driver–death (Count 3), driving under the influence of intoxicants (Count 4), failure to perform duties of a driver–property damage (Count 6), two counts of recklessly endangering another person (Counts 7 and 8), and reckless driving (Count 9).[1] The jury returned a 10-2 guilty verdict on Count 1; on all other counts, the jury's guilty verdict was unanimous. The trial court merged the guilty verdict on Count 2 with the conviction on Count 1.

On appeal, defendant contends that the trial court erred in instructing the jury that it could convict based on nonunanimous verdicts, in accepting the jury's nonunanimous guilty verdict on Count 1, and in accepting the jury's unanimous verdicts on the remaining charges. As the state properly concedes, the trial court erred in giving a jury instruction that allowed for conviction based on a nonunanimous verdict and in accepting the jury's nonunanimous verdict on Count 1, requiring reversal and remand of that count. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). However, defendant is not entitled to reversal of the remaining counts, for which the jury returned unanimous verdicts. Defendant's arguments to the contrary—that a nonunanimous verdict instruction is structural error and not harmless beyond a reasonable doubt—were rejected by the Supreme Court in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), and *State v. Ciraulo*, 367 Or 350, 478 P3d 502 (2020), *cert den*, ___ US ___, 141 S Ct 2836 (2021). Consequently, we reverse and remand defendant's conviction on Count 1 and remand the case for resentencing, which includes entering a new disposition on the merged count, Count 2. *See State v. Cockrell*, 170 Or App 29, 31, 10 P3d 960 (2000) (reversal of conviction and affirmance of another that had been merged with it "has the effect of 'unmerging' those crimes," freeing the trial court to enter judgment and sentence the defendant on the merged count).

---

[1] The trial court granted defendant's motion for judgment of acquittal on the charge of reckless endangerment of highway workers (Count 5).

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.