***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted September 13, 2021; conviction on Count 1 reversed and
remanded, remanded for resentencing, otherwise affirmed August 10, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICO ORLANDO CABRERA,
*Defendant-Appellant.*

Washington County Circuit Court
19CR48204; A172840

Erik M. Buchér, Judge.

John Evans, Deputy Public Defender, argued the cause
for appellant. Also on the brief was Ernest G. Lannet, Chief
Defender, Criminal Appellate Section, Office of Public
Defense Services.

Michael A. Casper, Assistant Attorney General, argued
the cause for respondent. Also on the brief were Ellen F.
Rosenblum, Attorney General, and Benjamin Gutman,
Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and
Powers, Judge.

POWERS, J.

Conviction on Count 1 reversed and remanded; remanded
for resentencing; otherwise affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for one count of unlawful entry into a motor vehicle (UEMV), ORS 164.272 (Count 1), after the trial court merged the guilty verdict for second-degree criminal trespass, ORS 164.245 (Count 2) into the UEMV charge. Defendant challenges the trial court's ruling on his motion to suppress, arguing that he was entitled to suppression of his identity and a statement that he made after his arrest because his arrest was not supported by probable cause and because the state failed to present evidence sufficient to invoke the inevitable discovery doctrine. For the following reasons, we conclude that the trial court erred in denying defendant's motion to suppress the evidence gathered after his arrest because the totality of the circumstances did not establish objective probable cause that a crime was in progress or had taken place, and the trial court's failure to suppress defendant's statement was not harmless as to Count 1 because the statement was presented as circumstantial evidence of defendant's intent to commit the charged crime. That conclusion obviates the need to address defendant's remaining assignment of error challenging the trial court's denial of his motion *in limine* to exclude that same statement on the basis that it constituted the assertion of his right to remain silent under Article I, section 12. Accordingly, we reverse and remand.

We review the trial court's ruling denying defendant's motion to suppress for errors of law. *State v. Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017). In so doing, we are bound by the court's explicit factual findings if there is constitutionally sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Where the court did not make express findings and there is evidence from which the court could have found a fact in more than one way, we presume that the court decided the facts consistently with its ultimate conclusion. *Id*. We summarize the facts in accordance with those standards.

At the suppression hearing, Tualatin Police Officer Lemon testified that he was patrolling a residential neighborhood where "car prowling" was common. At 2:30 a.m.,

Lemon drove his marked patrol car down a residential street lit by streetlights and observed two "shadowy figures" about 100 yards away. Lemon saw the two people run across the street, away from a driveway, and used the spotlight on his patrol car to look for them. He got out of his patrol car to look around with his flashlight, but he did not see them. Lemon then went to the driveway that the two people had come from to investigate. A pickup truck and an SUV were parked in that driveway. Lemon walked in between the pickup and SUV to see if either was unlocked or if they had signs that they had been rummaged through. The pickup's doors were closed and there was no sign of forced entry. When Lemon looked into the pickup through the passenger window, he saw defendant sitting in the driver's seat, "hunched down" or partially lying down. The pickup's center console and glove compartment were open. Lemon made eye contact with defendant, and defendant immediately put his hands up. Lemon then instructed defendant to get out of the pickup, placed him in handcuffs, and informed him that he was under arrest for unauthorized entry into a motor vehicle.

Lemon then asked defendant to identify himself, requesting his name and age. Defendant responded, "That's your job." Defendant was arrested and detained while Lemon attempted to identify him.

At the suppression hearing, defendant argued that Lemon lacked probable cause to arrest him and that all evidence obtained after his arrest should be suppressed including defendant's identity and his statement in response to Lemon asking his name. The state remonstrated, among other arguments, that Lemon had probable cause to believe that defendant had committed the crime of UEMV. The state also argued that defendant's identity would have been inevitably discovered; however, the state did not present evidence as to what investigatory procedures Lemon would have followed to discover defendant's identity. The trial court denied the motion to suppress.

Before trial commenced the next day, defendant moved *in limine* to exclude any testimony by Lemon that defendant told the officer, "That's your job," because, in defendant's view, Lemon's testimony on that point would be

a comment on defendant's right against self-incrimination and his right to remain silent. The trial court denied the motion in part, ruling that the state could elicit defendant's statement because it was "relevant as to the defendant's demeanor and the investigation," but that the officer could not testify to any other questions that he asked defendant to which defendant did not provide an answer.

Defendant proceeded to a jury trial, and the jury found him guilty of both counts. As noted earlier, the trial court subsequently merged the guilty verdict for second-degree criminal trespass (Count 2) into the UEMV charge (Count 1). This timely appeal followed.

On appeal, defendant asserts that the trial court erred in denying his motion to suppress evidence because he was arrested without probable cause. He argues that Lemon's subjective belief that defendant had committed or was committing a crime was not objectively reasonable and therefore Lemon lacked probable cause to arrest him. Defendant contends that, because he was arrested without probable cause, his identity and statement, "That's your job," should have been suppressed.[1] He further asserts that the inevitable discovery doctrine does not apply because the state failed to make a record sufficient to support the application of that doctrine.

The state responds that the trial court did not err in denying the motion to suppress because Lemon had probable cause to arrest defendant. The state further argues that, in any case, evidence of defendant's identity was not the product of the arrest.

Article I, section 9, of the Oregon Constitution protects individuals against unreasonable searches and seizures.[2] In accordance with those protections, arrests must

---

[1] To the extent that the state argues that defendant did not adequately make this argument before the trial court, we reject the state's contention. Although defendant did not specifically focus on this statement at the suppression hearing, the motion to suppress did focus on the "investigation and discovery" of his identity and the challenged statement necessarily would have been part of the remedy that defendant sought from a favorable decision on the motion to suppress.

[2] Article I, section 9, provides, in part: "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against

be supported by probable cause. *State v. Lebanno*, 314 Or App 172, 176, 497 P3d 1280 (2021). Probable cause is present when an officer subjectively believes that it is more likely than not that a crime has been committed and that the person to be arrested has committed it, and that subjective belief is objectively reasonable under the circumstances. *State v. Miller*, 157 Or App 489, 492, 972 P2d 896 (1998), *rev den*, 328 Or 365 (1999). In determining whether an officer possessed probable cause, we examine the totality of the circumstances known to the officer, including reasonable inferences that may be drawn from those circumstances in light of the officer's relevant training and experience. *Lebanno*, 314 Or App at 176.

The issue in this case is narrow. Neither party disputes that defendant was arrested when Lemon handcuffed him and told him that he was under arrest. Nor does either party dispute that Lemon had a subjective belief that defendant had committed or was committing a crime when he arrested defendant. The parties' dispute centers on whether Lemon's subjective belief was objectively reasonable. As explained below, we conclude that Lemon's subjective belief that defendant had committed or was committing a crime was not objectively reasonable under the totality of the circumstances, and, therefore, Lemon did not have probable cause to arrest defendant.

Although Lemon saw two shadowy figures run away from a driveway at 2:30 in the morning in a neighborhood known for car prowling, that circumstance alone is not a sufficient basis on which to conclude that it was objectively reasonable that a crime is being or has been committed. It is true that Lemon then found defendant sitting "hunched down" in the driver's seat of a pickup that was parked in that driveway and that defendant raised his hands after seeing Lemon, but the officer did not describe anything else about the circumstances that suggested a crime was in progress or had taken place. For instance, Lemon did not describe anything suggesting that there was forced entry

---

unreasonable search, or seizure[.]" Although defendant also raises a challenge under the Fourth Amendment, we need not reach that argument given our disposition.

into the pickup, nor did Lemon describe any information from which he could objectively conclude that defendant did not have permission to be in the pickup or was not the owner of the pickup. Rather, Lemon saw two people run away and then observed defendant in the pickup's cab, where he was attempting to position himself so that he would not be seen and then raised his hands when confronted by law enforcement. Without more, we conclude that the state failed to prove that there was probable cause that a crime was in progress or had taken place based on the totality of the circumstances as articulated by Lemon, including all reasonable inferences that can be drawn from those circumstances.

Having concluded that the state failed to prove that the officer's belief was objectively reasonable under the circumstances, and that, therefore, Lemon lacked probable cause to arrest defendant, we next consider the state's argument that the inevitable discovery doctrine applies.

The right to be free from unreasonable searches and seizures under Article I, section 9, also encompasses the right to be free from the use of evidence obtained in violation of that state constitutional provision. *State v. Jordan*, 308 Or App 547, 558, 481 P3d 1017 (2021). When the state obtains evidence in violation of a person's rights under Article I, section 9, "it is presumed that the evidence was tainted by the violation and must be suppressed." *State v. Jackson*, 268 Or App 139, 151, 342 P3d 119 (2014). That is a rebuttable presumption that the state can overcome by establishing that "the police inevitably would have obtained the evidence through lawful procedures." *State v. Unger*, 356 Or 59, 64, 333 P3d 1009 (2014). To satisfy its burden, the state is required to show by a preponderance of evidence that (1) certain proper and predictable investigatory procedures would have been utilized in the instant case, and (2) those procedures inevitably would have resulted in the discovery of the evidence in question. *State v. Hensley*, 281 Or App 523, 535, 383 P3d 333 (2016). The state cannot meet that burden by merely showing that evidence might or could have been otherwise obtained; instead, a "conclusion that predictable investigatory procedures would have produced the evidence at issue must be substantiated by factual findings that are fairly supported by the record." *Id*.

In this case, the state failed to meet its burden with respect to both defendant's identity and his statement. The record contains no evidence showing that proper and predictable investigatory procedures would have been utilized and resulted in deducing defendant's identity. Nor does the record contain evidence that police would have inevitably obtained defendant's statement through lawful procedures. For those reasons, the state did not meet its burden to show that police would have obtained defendant's identity and statement through lawful procedures.

Finally, having concluded that the state did not satisfy its burden to prove that defendant's identity and statement would have been inevitably discovered, we consider whether the trial court's erroneous denial of the motion to suppress was harmless. Under the Oregon Constitution, error is harmless if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Defendant argues that the erroneously admitted evidence was not harmless.

The trial court's erroneous denial of the motion to suppress was not harmless as to Count 1, the only count we understand defendant to challenge, as it related to defendant's statement, "That's your job." The state elicited that statement at trial and referenced it during closing arguments as circumstantial evidence that defendant unlawfully entered the pickup with the intent to commit a crime. Defendant did not dispute that he committed trespass but disputed whether he entered the pickup with the intent to commit theft. By referencing defendant's statement as part of its argument to the jury, the state used defendant's unwillingness to cooperate as evidence of his intent to commit a crime. For that reason, we cannot say that there was little likelihood that its erroneous admission affected the verdict on Count 1. Consequently, we conclude that the trial court's error in denying defendant's motion to suppress his statement was reversible error as to Count 1, which obviates the need to address defendant's second assignment of error challenging the admission of defendant's statement as to only Count 1 on alternative grounds. Further, by reversing and remaining on Count 1 and remanding the case for

resentencing, the trial court on remand may enter a new disposition on the merged count, Count 2. *See State v. Cockrell*, 170 Or App 29, 31, 10 P3d 960 (2000) (explaining that reversal of conviction and affirmance of another conviction that had been merged with it "has the effect of 'unmerging' those crimes" such that the trial court is free to enter judgment and sentence the defendant on the merged count).

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.