PER CURIAM
*278 Defendant appeals a judgment of conviction for one count of first-degree burglary, four counts of first-degree kidnapping, one count of unlawful use of a weapon, four counts of first-degree rape, four counts of first-degree sexual abuse, one count of strangulation, two counts of fourth-degree assault, and three counts of first-degree sodomy. Those convictions arise from two separate *940 events, involving two different victims, A and E. We write only to address the state's concessions on defendant's fifth, sixth, and seventh assignments of error. We reject defendant's remaining assignments of error, including the assignments of error raised in defendant's pro se supplemental brief, without written discussion.
In his fifth and sixth assignments of error, defendant contends that the trial court plainly erred in failing to merge the guilty verdicts on Counts 2 and 3, first-degree kidnapping of A, and on Counts 18 and 19, first-degree kidnapping of E. As against each victim, the two kidnapping counts were based on the same facts but were charged under two different legal theories. The state concedes that the trial court plainly erred in both instances. We agree with and accept the state's concessions. We further conclude that it is appropriate to exercise our discretion to correct the plain error for the reasons stated in State v. Camacho-Alvarez , 225 Or. App. 215, 217, 200 P.3d 613 (2009) -viz. , the state has no interest in our refusing to correct the error, we perceive no strategic or tactical reason for defendant's attorney not to have raised the issue at sentencing, and "the ends of justice are served by convicting and sentencing defendant according to the law." We thus reverse and remand Counts 2 and 3 for the court to merge those guilty verdicts and reverse and remand Counts 18 and 19 for the court to merge those guilty verdicts.
In his seventh assignment of error, defendant contends that the trial court erred in failing to merge the guilty verdicts on Counts 6, 7, and 8, first-degree sexual abuse of A, because the facts underlying those counts constituted a single, uninterrupted course of conduct against a single victim. See ORS 161.067(3) (setting out when there are separately *279 punishable offenses for conduct against a single victim that violates a single statutory provision). Defendant argues that his assignment of error is preserved but, in the alternative, requests plain-error review. The state concedes that the assignment of error is preserved and that the trial court erred in failing to merge the verdicts, because this case is not materially distinguishable from State v. Nelson , 282 Or. App. 427, 386 P.3d 73 (2016). We agree with and accept the state's concessions. We thus reverse and remand Counts 6, 7, and 8 for the court to merge those guilty verdicts.
Convictions on Counts 2 and 3 reversed and remanded for entry of judgment of conviction for one count of first-degree kidnapping; convictions on Counts 18 and 19 reversed and remanded for entry of judgment of conviction for one count of first-degree kidnapping; convictions on Counts 6, 7, and 8 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.