Submitted October 4; remanded for resentencing, otherwise affirmed
October 27, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TOAN PHUC HUYNH,
*Defendant-Appellant.*

Marion County Circuit Court
19CR56755; A173016

500 P3d 767

Defendant was convicted of robbery, assault, and interfering with a peace officer. The jury found him guilty of all three charges by unanimous verdicts, found four enhancement facts by unanimous votes, and found one enhancement fact by nonunanimous vote. The trial court imposed departure sentences on the robbery and assault convictions, relying on three enhancement facts. On appeal, defendant challenges both his convictions and his sentences as unconstitutional under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). *Held*: Under *Ramos*, the trial court erred when it instructed the jury that it could return nonunanimous verdicts and findings. That instructional error was harmless as to the unanimous guilty verdicts and the unanimous enhancement facts. However, as the state concedes, defendant is entitled to resentencing for two reasons: (1) one of the enhancement facts on which the trial court relied to impose departure sentences was the one found by nonunanimous vote, and (2) another enhancement fact on which the trial court relied was one that was not tried or found by the jury.

Remanded for resentencing; otherwise affirmed.

Mary Mertens James, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, J.**

Defendant was convicted of third-degree robbery, ORS 164.395, fourth-degree assault, ORS 163.160, and interfering with a peace officer, ORS 162.247, based on unanimous jury verdicts. The jury also found five enhancement facts to support upward departure sentences: that the crimes involved a threat of or actual violence, that defendant had been persistently involved in similar offenses, that prior sanctions had failed to deter defendant's criminal activity, that defendant demonstrated a disregard for laws and rules, and that incarceration was necessary for the safety of the public. The jury returned an 11-1 verdict on the enhancement fact that prior sanctions had failed to deter defendant's criminal activity; it otherwise returned unanimous verdicts on the enhancement facts. When sentencing defendant, the trial court imposed upward departure sentences on both the robbery conviction and the assault conviction, based on defendant's persistent involvement in similar offenses, prior sanctions having not deterred defendant's criminal activity, and the crimes being against a vulnerable victim.

On appeal, defendant argues that the trial court plainly erred in instructing the jury that it could return nonunanimous verdicts as to guilt and as to the enhancement facts. He seeks reversal of all of his convictions on that basis, asserting structural error under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). The state concedes that the court's instructions were erroneous under *Ramos* but maintains that the error was harmless as to the unanimous verdicts and the unanimously found departure facts. For the reasons discussed in *State v. Flores Ramos*, 367 Or 292, 310-13, 478 P3d 515 (2020), we agree with the state and reject defendant's arguments as to the unanimous verdicts and the unanimously found departure facts.

As for defendant's remaining arguments, the state concedes, and we agree, that this case must be remanded for resentencing for two reasons.

First, as noted, the trial court imposed departure sentences for the robbery and assault convictions based in part on an enhancement fact—that prior sanctions had failed

to deter defendant's criminal activity—on which the jury returned a nonunanimous verdict. That was error in light of *Ramos*. The Sixth Amendment provides not only the right to a unanimous jury but also the right to unanimous jury findings on sentence-enhancement facts such as the one at issue here. *See Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000) (other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt); *Blakely v. Washington*, 542 US 296, 303-04, 124 S Ct 2531, 159 L Ed 2d 403 (2004) (the statutory maximum sentence for a crime for *Apprendi* purposes is the sentence authorized by the sentencing guidelines without additional factual determinations); *see also* ORS 136.785(3) (requiring an enhancement fact tried to a jury to be found by a number of jurors "equal to or greater than the number of jurors that was required to find the defendant guilty of the crime"); ORS 136.792(2) (same for resentencing). For the reasons set forth in *State v. Ulery*, 366 Or 500, 503-05, 353 P3d 1123 (2020), we exercise our discretion to correct the error.

Second, the state concedes, and we agree, that the trial court plainly erred in relying on an enhancement fact— that the crimes involved a vulnerable victim—that was not tried to or found by the jury. *See* ORS 136.770(1) (providing for an enhancement fact related to a charged offense to be tried to the jury, unless the defendant waives the right to a jury trial on the enhancement fact and either admits to the enhancement fact or elects to have it tried to the court).

Accordingly, defendant is entitled to resentencing, and we remand for that purpose.[1]

Remanded for resentencing; otherwise affirmed.

---

[1] Given our disposition, we need not reach defendant's third assignment of error, which raises an unpreserved issue regarding the legal propriety of the trial court's use of the persistent-involvement factor in sentencing. Any arguments on that issue are better directed to the trial court on remand.