Submitted November 8; in Case No. 18CR27215, conviction on Count 1 remanded for resentencing, otherwise affirmed;  in Case No. 18CR57235, convictions on Counts 1, 2, 3, 6, and 7 reversed and remanded, remanded for resentencing, otherwise affirmed December 15, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROMAN PATINO-OCHOA,
aka Ramon Patino-Ochoa,
*Defendant-Appellant.*

Marion County Circuit Court
18CR27215, 18CR57235;
A173702 (Control), A173703

502 P3d 783

Lindsay R. Partridge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Weston Koyama, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

In Case No. 18CR27215, conviction on Count 1 remanded for resentencing; otherwise affirmed. In Case No. 18CR57235, convictions on Counts 1, 2, 3, 6, and 7 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

In this consolidated criminal appeal, defendant appeals from two judgments entered after a single jury trial: in Case No. 18CR27215, the jury found defendant guilty of unlawful use of a weapon (Count 1) and menacing constituting domestic violence (Count 2); and in Case No. 18CR57235, the same jury found defendant guilty of unlawful use of a weapon (Count 1), assault in the fourth degree constituting domestic violence (Count 2), menacing constituting domestic violence (Count 3), burglary in the first degree (Count 4), kidnapping in the first degree (Count 6), and unlawful use of a weapon (Count 7), and the court dismissed a first-degree kidnapping charge (Count 5). Because the jury returned nonunanimous verdicts on several counts (as well as nonunanimous verdicts on several enhancement factors to support upward departure sentences), we reverse and remand those convictions for the reasons explained below. We also remand for resentencing the counts where the jury was unanimous as to the conviction, but nonunanimous as to a sentencing-enhancement factor. Finally, we reject defendant's first assignment of error challenging the denial of a motion for judgment of acquittal without written discussion.

The trial court, over defendant's objection, instructed the jury that it could return nonunanimous verdicts, and the jury returned nonunanimous verdicts on Counts 1, 2, 3, 6, and 7 in Case No. 18CR57235. The state concedes that the trial court's instruction was erroneous and that the trial court erred in accepting nonunanimous verdicts. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and reverse and remand those convictions.[1] The error does not, however, require reversal of the convictions on which the verdicts were unanimous. *See State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020), *cert den*, ___ US ___, 141 S Ct 2837 (2021).

Defendant also asserts that the trial court erred in receiving nonunanimous verdicts on several sentencing

---

[1] To be more precise—and out of a sense of completeness—we note that "Oregon law requires a unanimous guilty verdict for all charges" but "permits a not-guilty verdict by a vote of 11 to one or 10 to two." *See State v. Ross*, 367 Or 560, 561, 481 P3d 1286 (2021).

enhancement factors: In Case No. 18CR27215, the firearm enhancement on Count 1; and in Case No. 18CR57235, the firearm enhancement on Count 1, the domestic violence enhancement on Counts 2 and 3, the intent to cause or threaten to cause physical injury and firearm enhancements on Count 4, and the firearm enhancement on Counts 6 and 7. For the reasons explained in *State v. Huynh*, 315 Or App 456, ___ P3d ___ (2021), we agree that defendant was entitled to unanimous jury findings on the sentence-enhancement factors. Where a conviction is based on a unanimous verdict, but a sentencing-enhancement factor is based on a nonunanimous verdict, we affirm the conviction but remand for resentencing. As applied here, Count 1 in Case No. 18CR27215 and Count 4 in Case No. 18CR57235 must be remanded for resentencing.

In Case No. 18CR27215, conviction on Count 1 remanded for resentencing; otherwise affirmed. In Case No. 18CR57235, convictions on Counts 1, 2, 3, 6, and 7 reversed and remanded; remanded for resentencing; otherwise affirmed.