Submitted November 10; reversed and remanded as to sentence-enhancement fact and offense-subcategory allegation of Count 2, remanded for resentencing, otherwise affirmed December 29, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARL DANIEL ENLOE,
aka Carl Enloe,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR81545; A171067

502 P3d 1213

Lorenzo A. Mejia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded as to sentence-enhancement fact and offense-subcategory allegation of Count 2; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted after a jury trial of possession of a weapon by an inmate, ORS 166.275 (Count 1), and supplying contraband, ORS 162.185 (Count 2). The jury voted unanimously to convict on both counts. The jury, however, voted 11-1 on the question whether the contraband alleged in Count 2 was a dangerous weapon, an offense subcategory alleged by the state.[1] The jury also found one sentence-enhancement fact (that defendant was on probation, parole, or post-prison supervision when he committed the crimes) by a general "yes" vote. Both parties declined the trial court's invitation to have the jury polled as to that question. The court merged the jury's guilty verdict on Count 2 into the conviction on Count 1 and imposed an upward durational departure sentence on Count 1 based on the enhancement fact found by the jury.

On appeal, defendant contends that the trial court erred in instructing the jury that it could return nonunanimous verdicts as to both the charged offenses and the charged sentence-enhancement facts. Although the court's jury instruction was error under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), contrary to defendant's argument otherwise, that error is not structural and is harmless with respect to the jury's unanimous verdict on Count 1 and its unanimous verdict on the base offense of Count 2, that is, absent the "dangerous weapon" subcategory allegation. *See State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

The state concedes, and we agree, that the nonunanimous verdict instruction renders the jury's finding on the offense subcategory allegation of Count 2 invalid in light of *Ramos*. *See State v. Huynh*, 315 Or App 456, 458, 500 P3d 767 (2021) (explaining that, under *Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000) (other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable

---

[1] That subcategory factor elevates the crime-seriousness category of the offense from a level 4 to a level 6 on the sentencing guidelines grid. OAR 213-018-0070(2), (4).

doubt), and *Blakely v. Washington*, 542 US 296, 303-04, 124 S Ct 2531, 159 L Ed 2d 403 (2004) (the statutory maximum sentence for a crime for *Apprendi* purposes is the sentence authorized by the sentencing guidelines without additional factual determinations), the Sixth Amendment provides the right to unanimous jury findings on sentence-enhancement facts); OAR 213-018-0070 (proof of additional fact that the offender supplied one or more dangerous weapons (not including firearms) as contraband elevates the crime seriousness ranking of the offense for sentencing purposes). The state contends, however, that the invalidity of that finding is "legally inconsequential," because the court merged the verdict on Count 2 with the conviction on Count 1 and imposed sentence only on Count 1. Therefore, the state reasons, the invalid finding provides no basis for relief on appeal.

We disagree that the invalid finding has no legal effect. To illustrate: A later reversal of defendant's conviction on Count 1 (for example, on review by the Supreme Court or on post-conviction review) would result in the "unmerging" of Counts 1 and 2, such that the trial court could impose judgment and sentence on Count 2. *See State v. Cockrell*, 170 Or App 29, 31, 10 P3d 960 (2000) (reversal of conviction and affirmance of another that had been merged with it "has the effect of 'unmerging' those crimes," freeing the trial court to enter judgment and sentence the defendant on the merged count). It also misstates the nature of the criminal conduct for which defendant was validly found guilty. We therefore reverse and remand as to the "dangerous weapon" subcategory allegation of Count 2. On remand, the state may elect to retry the "dangerous weapon" subcategory allegation; otherwise, the record will reflect that defendant was found guilty on Count 2 without that allegation.

We reach a similar result with regard to the jury's general "yes" vote on the sentence-enhancement fact—that defendant was on probation, parole, or post-prison supervision when he committed the offenses. *Huynh*, 315 Or App at 458. And, as we recently held in *State v. Scott*, 309 Or App 615, 620-21, 483 P3d 701 (2021), where, as here, a unanimous verdict instruction has been preserved and the erroneous instruction given, the burden is on the state

to demonstrate that the instructional error was harmless beyond a reasonable doubt. Without a jury poll, the state cannot meet that burden. Accordingly, we also reverse and remand as to the sentence-enhancement fact found by the jury. *See State v. Patino-Ochoa*, 316 Or App 478, 480, 502 P3d 783 (2021) ("Where a conviction is based on a unanimous verdict, but a sentencing-enhancement factor is based on a nonunanimous verdict, we affirm the conviction but remand for resentencing.").

Reversed and remanded as to sentence-enhancement fact and offense-subcategory allegation of Count 2; remanded for resentencing; otherwise affirmed.