Submitted on remand from the Oregon Supreme Court October 5, 2021; convictions on Counts 2, 3, 4, 6, and 7 reversed and remanded, convictions on Counts 18 and 19 reversed and remanded for entry of judgment of conviction for one count of first-degree kidnapping, remanded for resentencing, otherwise affirmed February 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT C. SHELBY,
aka Robert Chieffoun Shelby,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR20915; A166011

505 P3d 482

On remand from the Oregon Supreme Court, *State v. Shelby*, 368 Or 513, 493 P3d 504 (2021).

Thomas M. Ryan, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the opening and second supplemental brief for appellant. Robert C. Shelby filed the first supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the briefs for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Convictions on Counts 2, 3, 4, 6, and 7 reversed and remanded; convictions on Counts 18 and 19 reversed and remanded for entry of judgment of conviction for one count of first-degree kidnapping; remanded for resentencing; otherwise affirmed.

## PER CURIAM

This case is before us on remand from the Oregon Supreme Court. Defendant appealed his convictions for one count of first-degree burglary (Count 1), four counts of first-degree kidnapping (Counts 2, 3, 18, and 19), one count of unlawful use of a weapon (Count 4), four counts of first-degree rape (Counts 5, 13, 14, and 16), four counts of first-degree sexual abuse (Counts 6, 7, 8, and 12), one count of strangulation (Count 9), two counts of fourth-degree assault (Counts 10 and 20), and three counts of first-degree sodomy (Counts 11, 15, and 17). In our original decision, issued prior to *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (convictions for serious offenses that are based on nonunanimous jury verdicts violate Sixth Amendment), we rejected without discussion defendant's arguments that the court plainly erred in instructing the jury that its verdicts need not be unanimous, in accepting nonunanimous guilty verdicts on some charges, and in accepting nonunanimous jury findings regarding "use or threatened use of a weapon" as to other charges. *State v. Shelby*, 298 Or App 277, 455 P3d 939 (2019), *rev allowed, decision vac'd*, 368 Or 513, 493 P3d 504 (2021). We did, however, agree with several of defendant's merger arguments, and consequently reversed and remanded on Counts 2 and 3 for entry of judgment of conviction for one count of first-degree kidnapping, similarly reversed and remanded on Counts 18 and 19 for entry of judgment of conviction for one count of first-degree kidnapping, and reversed and remanded on Counts 6, 7, and 8 for entry of judgment of conviction for one count of first-degree sexual abuse. *Id.* at 279.

After the Supreme Court's remand of this case for reconsideration in light of *Ramos*, the parties agree that some of defendant's convictions must be reversed due to lack of jury unanimity, either as to defendant's guilt (Counts 2, 3, 4, 6, and 7) or as to the "use or threatened use of a weapon" sentence-enhancement facts (Counts 1, 5, 16, and 17). *See State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020) (trial court's acceptance of a nonunanimous jury verdict constitutes plain error); *State v. Huynh*, 315 Or App 456, 458, 500 P3d 767 (2021) ("The Sixth Amendment provides not only the right to a unanimous jury but also the right to

unanimous jury findings on sentence-enhancement facts."). For the reasons set forth in *Ulery*, we exercise discretion to correct those errors as plain error. To the extent that defendant argues that the error in instructing the jury as to nonunanimous verdicts requires reversal of his convictions based on unanimous verdicts, we reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020).

Our disposition of the nonunanimous-verdict issues obviates the need to address the merger issues regarding Counts 2, 3, 6, and 7, but reversal and remand is still required as to Counts 18 and 19 for merger, as described in our prior opinion, *Shelby*, 298 Or App at 278. In light of those reversals and remands, the entire case must be remanded for resentencing, which will also give the trial court the opportunity to correct the errors with respect to the nonunanimous jury findings as to sentence-enhancement facts. We reject defendant's remaining assignments of error without discussion.

Convictions on Counts 2, 3, 4, 6, and 7 reversed and remanded; convictions on Counts 18 and 19 reversed and remanded for entry of judgment of conviction for one count of first-degree kidnapping; remanded for resentencing; otherwise affirmed.