***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 10, claim for post-conviction relief regarding sentencing reversed and remanded, otherwise affirmed July 19, petition for review denied November 17, 2023 (371 Or 535)

DANIEL STEVEN ZOLOTOFF,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
18CV07475; A175775

J. Burdette Pratt, Senior Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

KAMINS, J.

Claim for post-conviction relief regarding sentencing reversed and remanded; otherwise affirmed.

**KAMINS, J.**

Petitioner appeals from a general judgment denying his claims for post-conviction relief (PCR), raising three assignments of error. Petitioner challenges his 2009 convictions for attempted first-degree assault, first-degree burglary, unlawful use of a weapon, and menacing, which arose out of an altercation between petitioner and his father in his father's home. We reverse and remand in part, and otherwise affirm.

*Ineffective Assistance of Counsel - Medical Expert.* At petitioner's criminal trial, the evidence was that petitioner's father sustained minor injuries from a fireplace poker during an altercation with petitioner. Petitioner's first assignment of error challenges the PCR court's denial of his claim that his trial attorney was inadequate under Article I, section 11, of the Oregon Constitution and ineffective under the Sixth and Fourteenth Amendments of the United States Constitution, in failing to consult a medical expert about the injuries sustained by petitioner's father. As explained below, even assuming that trial counsel's decision was unreasonable, we agree with the PCR court that petitioner has not proven that retaining a medical expert would have had a tendency to affect the outcome of the trial. *See Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017) ("To be entitled to post-conviction relief based on inadequate assistance of counsel, a petitioner must show that counsel failed to exercise reasonable professional skill and judgment" and "that counsel's failure had a tendency to affect the result of his trial." (Internal quotation marks omitted.)).

The dispositive issue at trial was whether petitioner intended to injure or kill his father, as none of the charges required that petitioner actually injured his father. On that issue, the jury acquitted petitioner of attempted murder, indicating that it found that petitioner intended to seriously injure his father but did not intend to kill him. Expert medical testimony was unlikely to have changed that outcome, particularly given that the declaration of the medical expert submitted at the PCR hearing could not rule out that, given the injuries sustained by petitioner's father, petitioner had attacked him with a fireplace poker. The PCR court did not

err in concluding that petitioner did not prove more than a "mere possibility" of a different result had trial counsel consulted a medical expert. *Green v. Franke*, 357 Or 301, 322, 350 P3d 188 (2015).

 *Ineffective Assistance of Counsel - Nonunanimous Jury.* Petitioner's second assignment of error challenges the PCR court's denial of his claim that trial counsel rendered inadequate and ineffective assistance by not objecting to the nonunanimous jury instruction. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a felony). That argument is foreclosed by our decision in *Smith v. Kelly*, where we held that trial counsel did not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated. 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023); *see also Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (concluding that trial counsel's pre-*Ramos* decision not to challenge the nonunanimous jury instruction and not to request a jury poll was reasonable).

 *Standalone Claim - Nonunanimous Jury.* Petitioner's third assignment of error challenges the PCR court's denial of his standalone claim that his sentence was based on nonunanimous jury verdicts. The superintendent concedes, and we agree, that petitioner is entitled to relief on his claim relating to his sentence, because the record indicates that the jury was not unanimous as to the burglary-subcategory findings that affected petitioner's sentence.[1] *See Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022) (holding that post-conviction petitioners are entitled to relief when their underlying convictions were based on nonunanimous jury verdicts); *State v. Enloe*, 316 Or App 680, 682, 502 P3d 1213 (2021) (reversing offense-subcategory finding where the verdict was nonunanimous on that question). We therefore accept the superintendent's concession and reverse and remand as to petitioner's claim regarding sentencing.

---

[1] The jury verdict was unanimous on the conviction for burglary, as well as on the other convictions.

Petitioner also challenges the verdicts on the sentence enhancement factors, as to which the jury was not polled. Because the record is silent on whether those verdicts were actually nonunanimous, petitioner has not met his burden of proof. *See* ORS 138.620(2) (in PCR, the burden of proof is on the petitioner); *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief."). As a result, the trial court did not err in denying relief on the sentence enhancement factors.

Claim for post-conviction relief regarding sentencing reversed and remanded; otherwise affirmed.